IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PATRICK LEE DUNCAN | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-1 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Patrick Lee Duncan, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On April 16, 2024, Plaintiff was ordered to submit an amended pleading that contains a more detailed factual discussion explaining his basis of recovery. The copy of the Order sent to Plaintiff at the address Plaintiff provided was returned to the court as undeliverable on April 24, 2024. Plaintiff has failed to provide the court with his current address or information necessary to contact him.

FED. R. CIV. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. Further, Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as Plaintiff to provide the court with a physical address and keep the clerk advised

in writing of a current address. The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. *See Green v. Forney Eng'g Co.*, 589 F.2d 243, 245 (5th Cir. 1979).

By failing to provide the court with a current address at which he may be contacted, Plaintiff has prevented the court from communicating with him and moving this case towards resolution. Plaintiff has therefore failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

## Recommendation

The above-styled action should be dismissed without prejudice for want of prosecution.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 25th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE